## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

JOSE LUIS BRAVO (01),
a/k/a Jose Luis, a/k/a Polvora
[DOB: 8/14/1970]

JOSE GUADALUPE RAZO (02),
a/k/a Polvora
[DOB: 6/05/1970]

ANTHONY EDWARD DOLL (03),
[DOB: 4/3/1978]

MIGUEL TARIN-MARTINEZ (04),
[DOB: 12/20/1978]

ANTONIO MARTINEZ-MUNOZ (05),
[DOB: 2/19/1977]

EUSEBIO RAMIREZ-CEJA (06),
a/k/a Chevo
[DOB: 12/16/1970]

OSCAR ADRIAN MOLINA-ANGULO (07),
[DOB: 10/12/1982]

RODRIGO MANRIQUE RAZO (08),
a/k/a Rigo
[DOB: 10/21/1982]

ALEJANDRO CASTILLO-RAMIREZ (09),
a/k/a Pelon
[DOB: 8/26/1981]

JUAN CARLOS PALMA-CEDENO (10),
a/k/a Carlos Cedeno
[DOB: 10/18/1984]

Case No. _____

**COUNT ONE:**
**18 U.S.C. § 1962(d)**
(Racketeering Conspiracy)
NMT 20 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**COUNTS TWO THROUGH FOUR:**
**18 U.S.C. § 1546(a)**
(Use of Unlawfully Obtained Document)
NMT 10 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**COUNTS FIVE THROUGH SEVEN:**
**18 U.S.C. § 1546(b)(3)**
(False Attestation)
NMT 5 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class D Felony

**COUNTS EIGHT THROUGH TEN:**
**42 U.S.C. § 408(a)(7)(B)**
(False Representation of a Social Security
Number)
NMT 5 Years' Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class D Felony

**COUNTS ELEVEN:**
**18 U.S.C. §§ 1028(f)**
(Conspiracy to Commit Identification
Document Fraud)
NMT 15 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

RAMON MORENO-HERNANDEZ (11),
[DOB: 8/31/1981]

JOSE LUIS LOPEZ-VALADEZ (12),
a/k/a Chaparro
[DOB: 3/09/1980]

LORENZO CASTRO-MANZANAREZ (13),
a/k/a Lencho
[DOB: 7/21/1982]

JAIME RAMIREZ-CEJA (14),
[DOB: 11/30/1978]

JOSE LUIS RODRIGUEZ-VALERIO (15),
[DOB: 2/27/1964]

VERONICA RAZO de LARA (16),
a/k/a Pecosa
[DOB: 1/04/1975]

EDGAR PEREZ-PEREZ (17),
[DOB: 8/15/1977]

BERNARDO RIVAS-GOMEZ (18),
[DOB: 02/18/1973]

and

DANIEL RIVAS-CARRILLO (19),
[DOB: 07/11/1998]

                Defendants.

**COUNTS TWELVE AND THIRTEEN:**
**18 U.S.C. §§ 1028(a)(1), 1028(a)(2) and**
**1028(b)(1)(A)(i)**
**18 U.S.C. § 2**
(Unlawful Production and Transfer of
Identification Documents)
NMT 15 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**COUNTS FOURTEEN THROUGH
TWENTY-FOUR:**
**8 U.S.C. §§ 1324(a)(1)(A)(ii),**
**1324(a)(1)(A)(v)(I) and 1324(a)(l)(B)(i)**
**18 U.S.C. § 2**
(Conspiracy to Transport Illegal Aliens and
Transportation of Illegal Aliens)
NMT 10 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**COUNTS TWENTY-FIVE THROUGH
FIFTY-SEVEN:**
**8 U.S.C. § 1324a(a) and (f)(1)**
(Hiring and Employing Illegal Aliens)
NMT 6 Months Imprisonment
NMT $3,000 Fine for Each Unauthorized Alien
NMT 1 Year Supervised Release
Class B Misdemeanor

**COUNT FIFTY-EIGHT:**
**18 U.S.C. § 1956(h)**
(Conspiracy to Commit Money Laundering)
NMT 10 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**COUNTS FIFTY-NINE THROUGH SIXTY-
FOUR:**
**18 U.S.C. § 1957**
(Money Laundering)
NMT 10 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

2

**FORFEITURE ALLEGATIONS**
18 U.S.C. §§ 1963, 982

$100 Mandatory Special Assessment on
Each Count

| Defendant | Name | Counts |
|---|---|---|
| 01 | JOSE LUIS BRAVO | 1, 11-14, 21, 25, 37, 38, 52, 53, & 56-61 |
| 02 | JOSE GUADALUPE RAZO | 1, 29-36, 58, & 63 |
| 03 | ANTHONY EDWARD DOLL | 1, 53, 58-60, & 64 |
| 04 | MIGUEL TARIN-MARTINEZ | 1, 58, & 64 |
| 05 | ANTONIO MARTINEZ-MUNOZ | 1 |
| 06 | EUSEBIO RAMIREZ-CEJA | 1, 5-7, 48-51 |
| 07 | OSCAR ADRIAN MOLINA-ANGULO | 1, 2, 8, 11-13, 26, 56, & 57 |
| 08 | RODRIGO MANRIQUE RAZO | 1 |
| 09 | ALEJANDRO CASTILLO-RAMIREZ | 1 |
| 10 | JUAN CARLOS PALMA-CEDENO | 1, 11-13 |
| 11 | RAMON MORENO-HERNANDEZ | 1, 14, 17-19 |
| 12 | JOSE LUIS LOPEZ-VALADEZ | 1, 39-47, 53, 58, & 62 |
| 13 | LORENZO CASTRO-MANZANAREZ | 1, 14, 20, 22-24, 27, 28, & 29 |
| 14 | JAIME RAMIREZ-CEJA | 1, 54, & 55 |
| 15 | JOSE LUIS RODRIGUEZ-VALERIO | 1 |
| 16 | VERONICA RAZO de LARA | 1 |
| 17 | EDGAR PEREZ-PEREZ | 1, 14-16 |
| 18 | BERNARDO RIVAS-GOMEZ | 3 & 9 |
| 19 | DANIEL RIVAS-CARRILLO | 4 & 10 |

# I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

## COUNT 1
### (Racketeering Conspiracy)

At times material to this Indictment:

### Introduction and Background

1.     Section 274A of the Immigration and Nationality Act (INA), as amended by the Immigration Reform and Control Act of 1986, requires employers to hire only United States citizens and aliens who are authorized to work in the United States. Employers must verify the

3

employment eligibility of any persons hired after November 6, 1986, using the "Form I-9, Employment Eligibility Verification Form." The employer is required to examine, at the time of hire, the documentation provided by the individual that establishes his identity and employment eligibility, and to ensure that the documents presented appear to be genuine and relate to the individual. The employer must retain the Form I-9 for three (3) years after the date of the hire or one (1) year after the date the individual's employment is terminated, whichever is later. In general, it is unlawful for a person or other entity to hire, or recruit or refer for a fee, for employment in the United States an alien knowing the alien is an unauthorized alien with respect to such employment as indicated in the above-described employment eligibility verification process. Further, Section 274A of the INA stipulates it is unlawful for a person or entity, after hiring an alien for employment, to continue to employ the alien in the United States knowing the alien is an unauthorized alien with respect to such employment.

2. Officials from the Department of Homeland Security ("DHS") may seek to verify an employer's compliance with the Forms I-9 through an inspection. The Form I-9 inspection is an administrative inspection process and is initiated when DHS services a "Notice of Inspection" upon an employer. If it is determined that an employee is unauthorized to work, DHS may issue a "Notice of Suspect Documents," which advises the employer of possible criminal and civil penalties for continuing to employ the unauthorized employee. If upon further review of any additional documentation submitted by the employer, the employee is still determined to be unauthorized to work, the employer is given a date by which the employee must be terminated.

3. Employers are also required to file wage and hour reports with state authorities on a quarterly basis. These reports, which are used for tax purposes, identify each employee by name, social security number, and the amount of wages earned by the employee in that quarter.

4

The Social Security Administration can confirm if the social security number assigned to the employee named in the report is accurate.

4.      The United States Department of Treasury, Internal Revenue Service is an agency of the United States responsible for the administration and collection of employment related and income taxes for both businesses and individuals operating within the United States. The term "payroll taxes" includes federal withholding income taxes, Social Security taxes, Medicare taxes, and federal unemployment taxes.

5.      Specialty Food Distribution, Inc. ("SFD"), is based in Joplin, Missouri, and was incorporated in 2003 in the State of Missouri.  State of Missouri corporate filings list JOSE LUIS BRAVO as the President, Assistant Secretary, and Director of SFD with a 33.33% ownership interest in SFD; ANTHONY EDWARD DOLL as the Chief Financial Officer of SFD; and MIGUEL TARIN-MARTINEZ as the Controller of SFD. Open-source internet searches also list JOSE  GUADALUPE RAZO as the President of SFD. ANTONIO MARTINEZ-MUNOZ was a sales manager for SFD. SFD is wholesale distributor of food, supplies, and equipment to restaurants throughout the Midwest. SFD also provides administrative and accounting support to restaurants in the areas of payroll, insurance, licensing, taxes, and legal services. Several restaurants serviced by SFD employed aliens who were unauthorized to work in the United States.

6.      Missouri Secretary of State records show that Intel Solutions, Inc. ("Intel") was registered on August 16, 2019, and that ANTHONY EDWARD DOLL, the Chief Financial Officer for SFD, was the listed recipient of all filed documents for Intel. Intel was formed after several Notices of Inspection were served on restaurants that had been inspected and found to have employed unauthorized aliens. SFD had provided goods and administrative services to these restaurants. After its formation, Intel began providing administrative services to these restaurants.

Although none of the SFD Enterprise members are documented as having an ownership interest in Intel, this corporation was created to compartmentalize the administrative duties once conducted by SFD. This separation was intended to shield SFD Enterprise members and associates from the liability of employing unauthorized alien workers at restaurants owned or operated by the defendants. Intel later changed its name to Entel Solutions, LLC.

7. Approximately 31 Limited Liability Companies ("LLCs") operated 45 Mexican restaurants in multiple states and at least an additional 11 LLCs were involved in restaurant supply and logistics, real estate and construction. These 45 restaurants received goods and services from SFD and Intel. The corporate filings for the 42 LLCs with the respective Secretaries of States listed JOSE LUIS BRAVO as an Organizer, Member, Manager, Owner, or President of the operating LLCs. In these records, ANTHONY EDWARD DOLL is listed as the recipient of filed documents for 27 of these LLCs.

8. On May 8, 2018, the State of Kansas Department of Labor contacted Homeland Security Investigations (HSI), the investigative arm of DHS, and requested its help to investigate allegations that unauthorized aliens were employed at the Bravos Mexican Grill in Overland Park, Kansas. Ownership interest in Bravos Mexican Grill, LLC, was held by SFD Enterprise members JOSE GUADALUPE RAZO, ANTHONY EDWARD DOLL, and MIGUEL TARIN. In the State of Kansas, Secretary of State filings identify ANTHONY EDWARD DOLL as the organizer of Bravos Mexican Grill, LLC. Additionally, Internal Revenue Service Schedule B (Form 941) identifies ANTHONY EDWARD DOLL as a member of Bravos Mexican Grill, LLC.

9. On July 16, 2018, HSI served a Notice of Inspection at the Bravos Mexican Grill, in Overland Park, Kansas. Fourteen of the seventeen employees whose Forms I-9 had been

6

inspected were determined to be ineligible to work and they were to be terminated on or before August 30, 2018.

10. On February 28, 2019, HSI conducted another Form I-9 inspection at Bravos Mexican Grill in Overland Park, Kansas, and identified eight unauthorized aliens working there. Five of these employees had been identified previously as ineligible to work during the earlier Form I-9 inspection.

11. On June 7, 2019, HSI served 10 Notices of Inspection at restaurants associated with JOSE LUIS BRAVO, ANTHONY EDWARD DOLL, JOSE LUIS LOPEZ-VALADEZ, OSCAR MOLINA ANGULO, EUSEBIO RAMIREZ CEJA and RODRIGO MANRIQUE RAZO in Missouri, Kansas, and Oklahoma. Those restaurants operated under LLCs, doing business as El Charro (Claremore, Oklahoma, Butler, Missouri, and Springfield, Missouri), Playa Azul (Great Bend, Kansas, Pratt, Kansas, and Wichita, Kansas), Iguana Azul (Nevada, Missouri), Los Sauces (Nevada, Missouri), and La Paloma (Springfield, Missouri). These restaurants were also served with Notices of Suspect Documents and all of them were found to have employed unauthorized workers. Approximately 68% of the employees audited at the restaurants were not authorized to work in the United States.

a. El Charro Inc. is the corporation under which El Charro of Claremore, Oklahoma is operating. JOSE LUIS BRAVO is identified as having an ownership interest in this corporation. Corporate filings with the state of Oklahoma identify JOSE LUIS BRAVO as the registered agent for El Charro Inc.

b. JLB-LB Inc is the corporation under which El Charro of Butler, Missouri is operating.

7

JOSE LUIS BRAVO is identified as having an ownership interest in this corporation. Corporate filings with the state of Missouri identify JOSE LUIS BRAVO as an Officer and ANTHONY EDWARD DOLL as the registered agent for JLB-LB.

c. San Miguel de Allende LLC is the company under which the El Charro restaurants (Kansas Expressway and Glenstone) of Springfield, Missouri are operating. JOSE LUIS BRAVO is identified as having an ownership interest in this company. Corporate filings with the State of Missouri identify JOSE LUIS BRAVO as the organizer and JOSE LUIS LOPEZ-VALADEZ as the registered agent of San Miguel de Allende LLC. ANTHONY EDWARD DOLL is identified as recipient of the filed documents for San Miguel de Allende LLC.

d. Playa Azul Inc. is the corporation under which the Playa Azul restaurants (Great Bend, Kansas, Pratt, Kansas, and Wichita, Kansas) are operating. Corporate filings with the state of Kansas identify JOSE LUIS BRAVO as an Officer and RODRIGO MANRIQUE RAZO as the registered agent of Playa Azul Inc.

e. 3J's Restaurants LLC is the company under which Iguana Azul of Nevada, Missouri is operating. JOSE LUIS BRAVO is identified as having an ownership interest in this corporation. Corporate filings with the state of Missouri identify ANTHONY EDWARD DOLL as recipient of the filed documents for 3J's Restaurants LLC.

f. Los Sauces LLC is the company under which Los Sauces of Nevada, Missouri is operating. JOSE LUIS BRAVO is identified as having an ownership interest in this company. Corporate filings with the state of Missouri identify JOSE LUIS BRAVO as an organizer of Los Sauces LLC. In other filings for Los Sauces LLC, ANTHONY EDWARD DOLL is identified as recipient of the filed documents.

g.     San Juan De Los Lagos LLC is the company under which La Paloma (Sunshine) of Springfield, Missouri is operating.  JOSE LUIS BRAVO is identified as having an ownership interest in this company. Corporate filings with the state of Missouri identify JOSE LUIS BRAVO as an organizer and JOSE LUIS LOPEZ-VALDEZ as the registered agent for San Juan De Los Lagos LLC.  ANTHONY EDWARD DOLL is identified as recipient of the filed documents for San Juan De Los Lagos.

12.     On September 13, 2019, HSI served 10 Form I-9 Notices of Inspection at restaurants in Missouri and Kansas that were affiliated with JOSE LUIS BRAVO, ANTHONY EDWARD DOLL, JOSE GUADALUPE RAZO, JOSE LUIS LOPEZ VALADEZ, LORENZO CASTRO MANZANAREZ, ALEJANDRO CASTILLO RAMIREZ VERONICA RAZO DE LARA, and RODRIGO MANRIQUE RAZO. Those restaurants operated under LLCs doing business as Cantina Bravo (St.  Robert, Missouri), Cantina Bravo Grille (Webb City, Missouri), El Charro (Neosho, Marshfield, West Plains, and Joplin, Missouri, and Pittsburg, Kansas), Maria's Mexican Grill (Great Bend, Kansas), and Playa Azul (Augusta, Kansas). All of the restaurants were found to have employed unauthorized employees.

a.     Bravo Restaurant Investments LLC is the company under which Cantina Bravo of Saint Robert, Missouri is operating. JOSE LUIS BRAVO, JOSE LUIS LOPEZ-VALADEZ, JOSE GUADALUPE RAZO, and ANTHONY EDWARD DOLL are identified as having an ownership interest in this company. Corporate filings with the state of Missouri identify JOSE LUIS BRAVO as an organizer and ANTHONY EDWARD DOLL as the registered agent of Bravo Restaurant Investments LLC.  ANTHONY EDWARD DOLL is also listed as recipient of the filed documents for Bravo Restaurant Investments LLC.

9

b.	Kahlo LLC is the company under which Cantina Bravo Grille of Webb City, Missouri is operating.  JOSE LUIS LOPEZ-VALADEZ is identified as having an ownership interest in this company. Corporate filings with the state of Missouri identify JOSE LUIS LOPEZ-VALADEZ as the registered agent and ANTHONY EDWARD DOLL as the recipient of the filed documents for Bravo Restaurant Investments LLC.

c.	Guanajuato LLC is the company under which the El Charro restaurants of Neosho and Joplin, Missouri are operating. JOSE LUIS BRAVO is identified as having an ownership interest in this company. Corporate filings with the state of Missouri identify JOSE LUIS BRAVO as an organizer, JOSE LUIS LOPEZ-VALADEZ as the registered agent and ANTHONY EDWARD DOLL as the recipient of the filed documents for Guanajuato LLC.

d.	Silao LLC is the company under which the El Charro restaurant of Marshfield, Missouri is operating. JOSE LUIS BRAVO is identified as having an ownership interest in this company. Corporate filings with the state of Missouri identify JOSE LUIS BRAVO as an organizer, JOSE LUIS LOPEZ-VALADEZ as the registered agent and ANTHONY EDWARD DOLL as the recipient of the filed documents for Silao LLC.

e.	Mezcala LLC is the company under which the El Charro restaurants of West Plains, Missouri (Mitchell and Porter Wagoner) are operating. JOSE LUIS BRAVO is identified as having an ownership interest in this company. Corporate filings with the State of Missouri identify JOSE LUIS BRAVO as an organizer, JOSE LUIS LOPEZ-VALADEZ as the registered agent and ANTHONY EDWARD DOLL as the recipient of the filed documents for Mezcala LLC.

f.	El Charrito Inc is the corporation under which the El Charro of Pittsburg, Kansas is operating. JOSE LUIS BRAVO is identified as having an ownership interest

in this corporation. Corporate filings with the state of Kansas identify JOSE LUIS BRAVO as the President and ANTHONY EDWARD DOLL on the official mailing address for El Charrito Inc.

g.     Playa Azul Inc. is the corporation under which Playa Azul (Augusta, ) is operating. Corporate filings with the state of Kansas identify JOSE LUIS BRAVO as an Officer and RODRIGO RAZO as the registered agent of Playa Azul Inc.

h.     Chona's Cocina LLC is the company under which Maria's Mexican Grill of Great Bend, Kansas is operating. JOSE LUIS BRAVO and RODRIGO MANRIQUE RAZO are identified as having an ownership interest in this company. Corporate filings with the state of Kansas identify ANTHONY EDWARD DOLL on the official mailing address for Chona's Cocina LLC and RODRIGO RAZO as the organizer and registered agent of Chona's Cocina LLC.

## RACKETEERING ENTERPRISE

13.     JOSE LUIS BRAVO, JOSE GUADALUPE RAZO, ANTHONY EDWARD DOLL, MIGUEL TARIN-MARTINEZ, ANTONIO MARTINEZ-MUNOZ, EUSEBIO RAMIREZ-CEJA, OSCAR ADRIAN MOLINA-ANGULO, RODRIGO MANRIQUE RAZO, ALEJANDRO CASTILLO-RAMIREZ, JUAN CARLOS PALMA-CEDENO, RAMON MORENO-HERNANDEZ, JOSE LUIS LOPEZ-VALADEZ, LORENZO CASTRO-MANZANAREZ, JAIME RAMIREZ-CEJA, JOSE LUIS RODRIGUEZ-VALERIO, VERONICA RAZO DE LARA, EDGAR PEREZ-PEREZ, and others known and unknown to the grand jury were part of an organized criminal enterprise ("SFD Enterprise") that engaged in illegal activities, to include the smuggling and harboring of illegal aliens, in the United States, including in the Western District of Missouri, the District of Kansas, the Western District of Arkansas, and the Northern District of Oklahoma.

11

14.	The SFD Enterprise, including its leadership, members, and associates constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The SFD Enterprise constituted an ongoing organization whose leaders, members, and associates functioned as a continuing unit for a common purpose of achieving the objectives of the SFD Enterprise.

15.	The SFD Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

16.	JOSE LUIS BRAVO is the President, Assistant Secretary, and Director of SFD. ANTHONY EDWARD DOLL, MIGUEL TARIN-MARTINEZ, and JOSE GUADALUPE RAZO worked with JOSE LUIS BRAVO at SFD in the roles of Chief Financial Officer, Controller, and President, respectively. Together, they created a network of restaurants operating as LLCs in states throughout the Midwest. These restaurants were supplied with goods and services by SFD and Intel. JOSE LUIS BRAVO and his co-conspirators supplied these restaurants with undocumented aliens to staff positions at the restaurants.

17.	SFD, as a wholesale distributor of restaurant goods and services, is the operational hub for the restaurants and other business ventures owned, operated, and controlled by JOSE LUIS BRAVO and his co-conspirators. SFD provides administrative business tasks for the restaurants, such as payroll, bookkeeping, insurance, official registration, licensing, taxes, and legal support. After DHS Form I-9 inspections occurred at restaurants affiliated with JOSE LUIS BRAVO and his co-conspirators, Intel Solutions, LLC ("Intel"), was formed to assume those administrative duties, in name only, as a way to conceal and minimize the level of involvement in the inspected restaurants by JOSE LUIS BRAVO, his co-conspirators, SFD, and any of the restaurant partners.

12

18.     The restaurants served by SFD and, later Intel, and affiliated with the Defendants are organized under various limited liability companies (LLCs) and incorporations formed in various states and operated under a multitude of trade names. In official corporate filings for these restaurants with the respective Secretary of State, JOSE LUIS BRAVO is predominantly listed as an Organizer, Member, Manager, Owner or President. In these corporate filings, the name and address to return the filed documents is almost exclusively the email address for ANTHONY EDWARD DOLL at SFD. In instances where JOSE LUIS BRAVO is not listed in the official corporate filings, JOSE LUIS BRAVO has been shown to still exercise control over those corporations. In the corporations where JOSE LUIS BRAVO is not listed on corporate filings, he still exerts decision making authority as to staffing, registered agents, managing officer for liquor licenses and insurance policies, and other business operations.

19.     Business operations of the affiliated restaurant LLCs are generally handled through ANTHONY EDWARD DOLL, JOSE GUADALUPE RAZO, and MIGUEL TARIN-MARTINEZ, who focus on running SFD and supporting the restaurants in their creation and registration, including establishing liquor licenses, payment of taxes, and acquisition of new businesses. The restaurants have submitted official documents to various government entities that serve to unlawfully reduce tax liability, shield unauthorized workers from detection and conceal criminal activity perpetrated by the Enterprise and its members.

20.     Control of the day-to-day operations of SFD-affiliated restaurants **is** held with managers such as LORENZO CASTRO-MANZANARES, OSCAR ADRIAN MOLINA-ANGULO, EUSEBIO RAMIREZ CEJA, RODRIGO MANRIQUE RAZO, ALEJANDRO CASTILLO RAMIREZ, JOSE LUIS LOPEZ VALADEZ, JAIME RAMIREZ CEJA, JOSE LUIS RODRIGUEZ-VALERIO, VERONICA DE RAZO

13

LARA, and others. These functions include the staffing of employees, legal compliance of onboarding paperwork, such as Forms I-9, and communication with owners and members of the LLCs. These managers' report staffing issues to members of the SFD Enterprise. Members of the SFD enterprise resolve the staffing issues by obtaining unauthorized workers from other enterprise-affiliated restaurants and other sources and procure and provide fraudulent documents for utilization of onboarding these unauthorized employees onto the official payroll, then knowingly submitting that information to state and federal governmental agencies.

21.     JOSE LUIS BRAVO and his co-conspirators use various sources of supply of unlawful labor to staff the restaurants. These sources of supply coordinate with restaurant managers who, in turn, communicate with JOSE LUIS BRAVO and others about the availability of labor. JOSE LUIS BRAVO then communicates with managers of the restaurants in order to direct the movement of the unauthorized workers to the restaurants to meet their staffing needs.

22.     The unlawful hiring of alien workers from a labor pool not available to compliant businesses is designed to maximize profits giving the SFD Enterprise an unfair competitive advantage by keeping restaurants staffed and to save on labor costs.  These profits are ultimately absorbed by JOSE LUIS BRAVO, Specialty Foods, Inc., or other Enterprise members to fund additional ventures by the Enterprise and their respective owners.

### ROLES OF THE DEFENDANTS

23.     JOSE LUIS BRAVO, as the leader of the enterprise, arranged to have illegal aliens smuggled into the United States to work at these restaurants, SFD, and other businesses affiliated with him; assisted these aliens with obtaining fraudulent documents that would allow them to work in the United States; and helped secure transportation and lodging for these illegal aliens en route to restaurants where they were to work. JOSE LUIS BRAVO supplied unauthorized alien workers

14

to managers at restaurants in which he had a financial interest. Some of the owners who are not listed as defendants appear to be silent partners or do not have a significant influence in the operation of the business.

24. JOSE GUADALUPE RAZO, also listed as the President of SFD, employed unauthorized workers at SFD as salesmen and warehouse workers, and directed other employees of SFD to limit these workers' exposure to potential immigration inspections. JOSE GUADALUPE RAZO also counseled restaurant managers on how to manage, document, and compensate unauthorized workers in ways that would minimize their detection by immigration officials.

25. ANTHONY EDWARD DOLL and MIGUEL TARIN-MARTINEZ assisted JOSE LUIS BRAVO by establishing new LLCs for the restaurants subjected to adverse Form I-9 inspections so that the unauthorized employees could continue to work at SFD-affiliated restaurants under new corporate identities. They also created a business entity, Intel Solutions, Inc., to disguise the employment of unauthorized employees by the restaurants and shelter those involved in that illegal activity.

26. Managers and other workers at SFD and the restaurants, to include ANTONIO MARTINEZ-MUNOZ, JOSE RODRIGO-VALERIO, EUSEBIO RAMIREZ-CEJA, JAIME RAMIREZ-CEJA, OSCAR MOLINA-ANGULO, RODRIGO MANRIQUE-RAZO, VERONICA RAZO DE LARA, ALEJANDRO CASTILLO-RAMIREZ, RAMON MORENO-HERNANDEZ, JOSE LUIS LOPEZ-VALADEZ, JUAN CARLOS PALMA-CEDENO, LORENZO CASTRO-MANZANAREZ, and others such as, EDGAR PEREZ-PEREZ, employed, housed, and transported unauthorized employees to, and

15

between, restaurants in which JOSE LUIS BRAVO and others were listed as corporate officers, often under the direction of, and with the assistance, of JOSE LUIS BRAVO.

### *PURPOSES OF THE SFD ENTERPRISE*

27. The purposes of the SFD Enterprise included, but were not limited to, the following:

a. Enriching its leaders, members, and associates through various forms of illegal activity including, but not limited to, transporting illegal aliens, harboring illegal aliens, encouraging or inducing illegal aliens for employment in business entities in the SFD Enterprise, and money laundering;

b. Promoting and enhancing the SFD Enterprise and the activities of its members and associates; and

c. Evading detection of its illegal activities by immigration officials and law enforcement.

### *RACKETEERING CONSPIRACY*

28. Beginning in or about July 2003, and continuing to on or about August 10, 2021, in the Western District of Missouri, and elsewhere, the defendants, JOSE LUIS BRAVO, JOSE GUADALUPE RAZO, ANTHONY EDWARD DOLL, MIGUEL TARIN-MARTINEZ, ANTONIO MARTINEZ-MUNOZ, EUSEBIO RAMIREZ-CEJA, OSCAR ADRIAN MOLINA-ANGULO, RODRIGO MANRIQUE RAZO, ALEJANDRO CASTILLO-RAMIREZ, JUAN CARLOS PALMA-CEDENO, RAMON MORENO-HERNANDEZ, JOSE LUIS LOPEZ-VALADEZ, LORENZO CASTRO-MANZANAREZ, JAIME RAMIREZ-CEJA, JOSE LUIS RODRIGUEZ-VALERIO, VERONICA RAZO de LARA, EDGAR PEREZ-PEREZ, and others known and unknown to the Grand Jury, being persons employed by and associated with

16

the SFD Enterprise, an enterprise which engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly combine, conspire, confederate, and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the SFD Enterprise through a pattern of racketeering activity, as that term is defined in 18 U.S.C. §§ 1961(1) and 1961(5), consisting of multiple acts indictable under the following federal provisions:

a. Title 8, United States Code, Section 1324 (relating to bringing in and harboring certain aliens for the purpose of financial gain);

b. Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents);

c. Title 18, United States Code, Section 1546 (relating to fraud and misuse of visas, permits, and other documents);

d. Title 18, United States Code, Section 1956(h) conspiracy to commit any offense defined in Title 18, United States Code, Section 1957); and

e. Title 18, United States Code, Section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

29. It was further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the SFD Enterprise.

### *MANNER AND MEANS OF THE CONSPIRACY*

30. It was further part of the conspiracy that the manner and means through which the members and associates of the SFD Enterprise conducted and participated in the conduct of the affairs of the SFD Enterprise included, but were not limited to:

17

a. Members and associates of the SFD Enterprise knowingly employed aliens, that is, persons who were not citizens of the United States and who were mostly Mexican, Guatemalan, and El Salvadoran nationals not authorized to work or reside in the United States, to work for SFD, and various businesses and restaurants associated with SFD.

b. Members and associates of the SFD Enterprise did not pay the appropriate state and federal payroll taxes, overtime wages, and worker's compensation for the unauthorized employees, thereby, enjoying a competitive advantage over similar businesses.

c. Members and associates of the SFD Enterprise housed, and facilitated housing for, unauthorized employees to maintain its workforce.

d. Members and associates of the SFD Enterprise shielded unauthorized employees from detection by immigration authorities by eliminating records of their employment, paying them by personal check and in cash, failing to maintain complete and accurate Forms I-9 and required wage and hour reports for these employees, assisting them with the acquisition of false identification documents, to include false Social Security numbers and alien resident documents, and making, and causing others to make, false statements to immigration authorities and law enforcement officials.

e. Members and associates of the SFD Enterprise transported unauthorized employees to, and between, restaurants affiliated with the enterprise in order to operate those restaurants competitively. Members and associates of the SFD Enterprise conspired to smuggle aliens into the United States to work unlawfully at enterprise affiliated restaurants and businesses.

f. Members and associates of the SFD Enterprise created corporations to disguise and facilitate their illegal activity.

g. Members and associates of the SFD Enterprise conducted financial transactions with money obtained from the unlawful activity.

h. Members and associates of the SFD Enterprise acted to conceal their illegal activities from immigration officials and law enforcement.

### *OVERT ACTS*

31. After receiving notice of a Form I-9 inspection on or about July 16, 2018, at the Bravos Mexican Grill in Overland Park, Kansas, JOSE GUADALUPE RAZO and ANTHONY EDWARD DOLL delivered to the HSI Kansas City Office, 17 current employee Forms I-9, corporate reports, employee supporting information, and the most recently filed State of Kansas Quarterly Wage Report and Unemployment Tax Return, and upon review by HSI, 14 of the 17 employees were found to be unauthorized to work in the United States and were to be terminated by August 30, 2018. Bravos Mexican Grill, LLC, is the corporation for Bravos Mexican Grill operating in Overland Park, Kansas.

32. After the July 16, 2018, Form I-9 inspection at the Bravos Mexican Grill in Overland Park, Kansas, ANTONIO MARTINEZ-MUNOZ and JOSE LUIS RODRIGUEZ VALERIO caused a law firm to falsely advise HSI in a letter dated August 31, 2018, that the 14 unauthorized employees had been terminated from the Bravos Mexican Grill before August 30, 2018.

33. On or about September 7, 2018, Bravos Mexican Grill manager, JOSE LUIS RODRIGUEZ-VALERIO, rented Apartment 705 at the Skyler Ridge Apartment Complex, 7214 West 115th Street, Overland Park, Kansas, where unauthorized restaurant workers who were employees at the Bravos Mexican Grill in Overland Park, Kansas.

19

34. On February 28, 2019, Bravos Mexican Grill managers ANTONIO MARTINEZ-MUNOZ and JOSE LUIS RODRIGUEZ-VALERIO admitted to continuing to employ unauthorized employees at the Bravos Mexican Grill restaurant following the Form I-9 inspection on or about July 16, 2018.

35. On or about April 15, 2019, JOSE LUIS RODRIGUEZ-VALERIO through obligor American Surety Company, bonded Candido Perez Matias out of U.S. Immigration and Custom Enforcement custody, following his arrest at Bravos Mexican Grill, in Overland Park, Kansas with the intention of maintaining his employment at restaurants associated with SFD Enterprise members.

36. On or about May 13, 2019, EUSEBIO RAMIREZ-CEJA signed a Form I-9 attestation that falsely certified that Daniel Rivas-Carrillo, Randi Demetrio Rivas-Carrillo, and Bernardo Rivas-Gomez were eligible to work.

37. On or about May 13, 2019, EUSEBIO RAMIREZ-CEJA hired Daniel Rivas-Carrillo, Randi Demetrio Rivas-Carrillo, and Bernardo Rivas-Gomez, all three unauthorized aliens, to work at the El Charro restaurant in Springfield, Missouri. San Miguel de Allende LLC is the corporation under which El Charro restaurant (Kansas Expressway) of Springfield, Missouri is operating.

38. On or about May 14, 2019, ANTONIO MARTINEZ-MUNOZ transported Candido Perez-Matias and Angel Anfelino Perez-Matias from Oklahoma to the Bravos Mexican Grill in Overland Park, Kansas, for the purpose of performing work at the business where they had been arrested administratively on February 28, 2019, for being unlawfully present in the United States.

20

39.     On or about August 9, 2019, through on or about August 21, 2019, JOSE LUIS BRAVO, OSCAR ADRIAN MOLINA-ANGULO, and JUAN CARLOS PALMA-CEDENO agreed to have two false Permanent Resident cards and two false Social Security cards made and given to unauthorized employees, and on August 19, 2019, a package bearing a return address for PALMA-CEDENO and containing these cards was interdicted by the U.S. Postal Service.

40.     On or about August 14, 2019, RODRIGO MANRIQUE-RAZO, Playa Azul, Playa Azul Inc, employed Ricardo Taboada, an unauthorized employee, at Playa Azul when he should have been terminated on or before August 13, 2019.

41.     After August 19, 2019, OSCAR MOLINA-ANGULO, a manager at the El Charro restaurant in Butler, Missouri, employed individuals whose names appeared on four false identification documents sent in a package bearing a return address for JUAN CARLOS PALMA-CEDENO and interdicted by the U.S. Postal Service on August 19, 2019.

42.     On August 21, 2019, JOSE GUADALUPE-RAZO admitted to employing eight individuals not authorized to work in the United States. All eight of these individuals were employed by Specialty Foods Distribution Inc.

43.     On September 13, 2019, after service of a Form I-9 inspection notice, ALEJANDRO CASTILLO-RAMIREZ, a manager at Playa Azul, Playa Azul Inc., claimed falsely to be a United States citizen.

44.     On October 25, 2019, after a Form I-9 inspection at Cantina Bravo in St. Robert, Missouri, which inspection identified LORENZO CASTRO-MANZANAREZ as an unauthorized alien worker, ANTHONY EDWARD DOLL and MIGUEL TARIN-MARTINEZ created Castro, LLC, doing business as El Poblano Grill and Cantina, 2629 N. Kansas

21

Expressway, Springfield, Missouri, in the name of LORENZO CASTRO-MANZANAREZ, who was using a social security number that was not assigned to him.

45. On October 28, 2019, EDGAR PEREZ-PEREZ transported two unauthorized workers from Kentucky to Cantina Bravo, Bravo Restaurant Investments LLC, in St. Robert, Missouri, that was managed by LORENZO CASTRO-MANZANAREZ.

46. On October 28, 2019, RAMON MORENO-HERNANDEZ transported Jorge Moreno-Ramirez, an unauthorized alien worker, to the Playa Azul restaurant, Playa Azul Inc., in Great Bend, Kansas, where RODRIGO MANRIQUE-RAZO was the manager.

47. On or about November 1 through November 2, 2019, RAMON MORENO-HERNANDEZ transported two unauthorized alien workers from Oklahoma to the Plaza Azul restaurant, Playa Azul Inc., in Augusta, Kansas, where Alejandro CASTILLO-RAMIREZ was the manager.

48. On November 1, 2019, JOSE LUIS BRAVO paid for two unauthorized alien workers to stay overnight at the Holiday Inn Express & Suites in Claremore, Oklahoma, during their trip from Oklahoma to the Playa Azul restaurant, Playa Azul Inc, in Augusta, Kansas, where Alejandro CASTILLO-RAMIREZ was the manager.

49. On November 24, 2019, LORENZO CASTRO-MANZANAREZ transported three unauthorized alien workers to Claremore, Oklahoma.

50. On November 25, 2019, JOSE LUIS BRAVO transported the same three unauthorized alien workers to an area between Claremore, Oklahoma, and Augusta, Kansas, where ALEJANDRO CASTILLO-RAMIREZ picked them up and transported them to Augusta, Kansas, from where they were transported further by a co-conspiratore who was sent by VERONICA RAZO de LARA for the purpose of employing them at Maria's Mexican Grill

and Playa Azul in Great Bend, Kansas restaurants. These restaurants were managed by VERONICA RAZO DE LARA and RODRIGO MANRIQUE-RAZO, respectively, and operated under Chona's Cocina LLC and Playa Azul Inc.

51. In or about December 2019, JOSE GUADALUPE RAZO rehired Manuel Santiago Valdes-Labastida as a salesman for SFD, who was not authorized to work in the United States.

52. In or about December 2019, VERONICA RAZO DE LARA, manager at Maria's Mexican Grill in Great Bend, Kansas, employed an unauthorized employee at the restaurant.

53. On or about December 20, 2019, JAIME RAMIREZ-CEJA, ANTHONY EDWARD DOLL, and JOSE LUIS LOPEZ-VALADEZ, and others known and unknown, obstructed the IRS from proper tax collection by negotiating business checks to create nonexistent expenses and income between various corporations.

54. Beginning on or about January 28, 2020, JOSE LUIS LOPEZ-VALADEZ employed unauthorized employees at Mazamilta, LLC, doing business as Chapala restaurants, at locations in Willow Springs and West Plains, Missouri.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT 2
(Use of Unlawfully Obtained Document)

On or about November 7, 2017, in the Western District of Missouri, the defendant, OSCAR ADRIAN MOLINA ANGULO, did knowingly use a document prescribed b statute and regulation as evidence of authorized stay and employment in the United States, namely, (1) a social security card bearing the number XXX-XX-XXXX and (2) a permanent-resident card, knowing it to have been forged, counterfeited or procured by means of a false claim and statement

23

and to have been otherwise procured by fraud and unlawfully obtained, contrary to Title 18, United States Code, 1546(a).

## COUNT 3
(Use of Unlawfully Obtained Document)

On or about May 13, 2019, in the Western District of Missouri, the defendant, BERNARDO RIVAS-GOMEZ, did knowingly use a document prescribed by statute and regulation as evidence of authorized stay and employment in the United States, namely, (1) a social security card bearing the number XXX-XX-XXXX and (2) a permanent-resident card, knowing it to have been forged, counterfeited or procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, contrary to Title 18, United States Code, Section 1546(a).

## COUNT 4
(Use of Unlawfully Obtained Document)

On or about May 13, 2019, in the Western District of Missouri, the defendant, DANIEL RIVAS-CARRILLO, a/k/a Dany Rivas Carrillo, did knowingly use a document prescribed by statute and regulation as evidence of authorized stay and employment in the United States, namely, (1) a social security card bearing the number XXX-XX-XXXX, and (2) a permanent-resident card, knowing it to have been forged, counterfeited or procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, contrary to Title 18, United States Code, Section 1546(a).

## COUNTS 5 through 7
(False Attestation)

On or about May 13, 2019, in the Western District of Missouri, the defendant, EUSEBIO RAMIREZ-CEJA, did knowingly use a false attestation, that is, a statement that the social security number listed below was the social security number assigned to the person listed

24

below on an employment eligibility Form I-9, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act, contrary to Title 18, United States Code, Section 1546(b)(3).

| COUNT | ALIEN NAME | SOCIAL SECURITY NUMBER | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 5 | Bernardo Rivas-Gomez | XXX-XX-XXXX | EL CHARRO, SPRINGFIELD, MO |
| 6 | Daniel Rivas-Carrillo a/k/a Dany Rivas-Carrillo | XXX-XX-XXXX | EL CHARRO, SPRINGFIELD, MO |
| 7 | Randi Demetrio Rivas-Carrillo a/k/a Demetrio Rivas Carrillo | XXX-XX-XXXX | EL CHARRO, SPRINGFIELD, MO |

## COUNT 8
(False Representation of a Social Security Number)

On or about October 23, 2017, in the Western District of Missouri, the defendant, OSCAR ADRIAN MOLINA-ANGULO, did knowingly and with intent to deceive falsely represent number XXX-XX-XXXX to be the Social Security Account Number assigned by the Commissioner of Social Security to him when in fact such number is not the Social Security Account Number assigned by the Commissioner to the defendant as the Commissioner has not assigned any number whatsoever to the defendant, contrary to Title 42, United States Code, Section 408(a)(7)(B).

## COUNT 9
(False Representation of a Social Security Number)

On or about May 13, 2019, in the Western District of Missouri, the defendant, BERNARDO RIVAS-GOMEZ, did knowingly and with intent to deceive falsely represent number XXX-XX-XXXX to be the Social Security Account Number assigned by the Commissioner of Social Security to him when in fact such number is not the Social Security Account Number assigned by the Commissioner to the defendant as the Commissioner

25

has not assigned any number whatsoever to the defendant, contrary to Title 42, United States Code, Section 408(a)(7)(B).

## COUNT 10
(False Representation of a Social Security Number)

On or about May 13, 2019, in the Western District of Missouri, the defendant, DANIEL RIVAS-CARRILLO, aka Dany Rivas Carrillo, did knowingly and with intent to deceive falsely represent number XXX-XX-XXXX to be the Social Security Account Number assigned by the Commissioner of Social Security to him when in fact such number is not the Social Security Account Number assigned by the Commissioner to the defendant as the Commissioner has not assigned any number whatsoever to the defendant, contrary to Title 42, United States Code, Section 408(a)(7)(B).

## COUNT 11
(Conspiracy to Commit Identification Document Fraud)

From on or about August 9, 2019, through on or about August 21, 2019, in the Western District of Missouri, and elsewhere, the defendants, JOSE LUIS BRAVO, OSCAR ADRIAN MOLINA-ANGULO and JUAN CARLOS PALMA-CEDENO, a/k/a Carlos Cedeno, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the grand jury, to produce and transfer one or more false identification documents which appeared to be issued by and under the authority of the United States, that is, two Permanent Resident cards and two social security cards, knowing that such documents were produced without lawful authority, contrary to Title 18, United States Code, Sections 1028(a)(1), 1028(a)(2), and1028(b)(1)(A), all in violation of Title 18, United States Code, Section 1028(f).

26

## COUNT 12
(Unlawful Production of False Identification Document)

Between on or about August 9, 2019, and on or about August 21, 2019, in the Western District of Missouri, the defendants, JOSE LUIS BRAVO, OSCAR ADRIAN MOLINA-ANGULO and JUAN CARLOS PALMA-CEDENO, a/k/a Carlos Cedeno, aiding and abetting each other and others, both known and unknown to the grand jury, did knowingly and without lawful authority produce one or more false identification documents which appeared to be issued by and under the authority of the United States, that is, two Permanent Resident cards and two social security cards, knowing that such documents were produced without lawful authority, contrary to Title 18, United States Code, Sections 1028(a)(1), (b)(1)(A)(i) and 2.

## COUNT 13
(Unlawful Transfer of False Identification Document)

Between on or about August 9, 2019, and on or about August 21, 2019, in the Western District of Missouri, the defendants, JOSE LUIS BRAVO, OSCAR ADRIAN MOLINA-ANGULO and JUAN CARLOS PALMA-CEDENO, a/k/a Carlos Cedeno, aiding and abetting each other and others, both known and unknown to the grand jury, did knowingly transfer false identification documents, namely, two Permanent Resident cards and two Social Security cards, knowing that such documents were produced without lawful authority; and the false identification documents appear to have been issued by and under the authority of the United States, contrary to Title 18, United States Code, Sections 1028(a)(2), (b)(1)(A)(i) and 2.

## COUNT 14
(Conspiracy to Transport Illegal Aliens)

Beginning on or about October 27, 2019, and continuing through on or about November 1, 2019, in the Western District of Missouri, and elsewhere, the defendants, JOSE LUIS BRAVO, RAMON MORENO-HERNANDEZ, LORENZO CASTRO-MANZANAREZ, and

27

Edgar PEREZ-PEREZ, knowing and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, did knowingly and intentionally combine, conspire, confederate, and agree together and with other persons known and unknown to the grand jury, to transport aliens, within the United States, for the purpose of commercial advantage and private financial gain and in furtherance of such violation of law, contrary to Title 8, United States Code, Section 1324(a)(1)(A)(ii).

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNTS 15 & 16
(Transportation of Illegal Aliens)

On or about October 28, 2019, in the Western District of Missouri, the defendant, EDGAR PEREZ-PEREZ, knowing and in reckless disregard of the fact that an alien, namely, one of the persons listed below, had come to, entered, and remained in the United States, in violation of law, did knowingly transport, move, attempt to transport, and attempt to move such alien in furtherance of such violation of law within the United States, that is, from a location near Mount Sterling, Kentucky, to a location in St. Robert, Missouri, by means of a motor vehicle for the purpose of commercial advantage and private financial gain, contrary to Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 15 | Lopez-Lopez | Jaime | PLAYA AZUL, AUGUSTA, KS |
| 16 | Bautista-Bautista | Domingo | PLAYA AZUL, AUGUSTA, KS |

## COUNT 17
(Transportation of Illegal Aliens)

On or about October 28, 2019, in the Western District of Missouri and elsewhere, the defendant, RAMON MORENO-HERNANDEZ, knowing and in reckless disregard of the fact an

28

alien, namely, Jorge Moreno-Ramirez, had come to, entered, and remained in the United States in violation of law, did knowingly transport, move, attempt to transport, and attempt to move such alien in furtherance of such violation of law within the United States, including from a location in Nevada, Missouri, to another location in Great Bend, Kansas, by means of motor vehicle for the purpose of commercial advantage and private financial gain, contrary to the provisions of, all in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(ii) and 1324(a)(1)(B)(i).

## COUNTS 18 and 19
(Transportation of Aliens)

From on or about October 29, 2019, to on or about November 2, 2019, in the Western District of Missouri and elsewhere, the defendant, RAMON MORENO-HERNANDEZ, aiding and abetting others, knowing and in reckless disregard of the fact that an alien, namely, one of the persons listed below, had come to, entered, and remained in the United States in violation of law, did knowingly transport, move, attempt to transport, and attempt to move such alien in furtherance of such violation of law within the United States, including from a location in St. Robert, Missouri, to another location in Augusta, Kansas, by means of motor vehicle for the purpose of commercial advantage and private financial gain, contrary to the provisions of, all in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(ii) and 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2.

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 18 | Bautista-Bautista | Domingo | PLAYA AZUL, AUGUSTA, KS |
| 19 | Lopez-Lopez | Jaime | PLAYA AZUL, AUGUSTA, KS |

## COUNT 20
(Transportation of Illegal Aliens)

On or about November 19, 2019, in the Western District of Missouri and elsewhere, the defendant, LORENZO CASTRO-MANZANAREZ, knowing or in reckless disregard of the fact that an alien, namely, Jhon Rey Morales-Gutierrez, had come to, entered, and remained in the United States in violation of law, did knowingly transport, move, attempt to transport, and attempt to move such alien in furtherance of such violation of law within the United States, including from a location in St. Robert, Missouri, to another location in Claremore, Oklahoma, by means of motor vehicle for the purpose of commercial advantage and private financial gain, contrary to the provisions of, all in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(ii) and 1324(a)(1)(B)(i).

## COUNT 21
(Transportation of Illegal Aliens)

On or about November 21, 2019, in the Western District of Missouri and elsewhere, the defendant, JOSE LUIS BRAVO, knowing or in reckless disregard of the fact that an alien, namely, Jhon Rey Morales-Gutierrez, had come to, entered, and remained in the United States in violation of law, did knowingly transport, move, attempt to transport, and attempt to move such alien in furtherance of such violation of law within the United States, including from a location in Claremore, Oklahoma, to another location in Webb City, Missouri, by means of motor vehicle for the purpose of commercial advantage and private financial gain, contrary to the provisions of, all in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(ii) and 1324(a)(1)(B)(i).

## COUNTS 22 through 24
(Transportation of Illegal Aliens)

On or about November 24, 2019, in the Western District of Missouri and elsewhere, the defendant, LORENZO CASTRO-MANZANAREZ, knowing or in reckless disregard of the fact

that the below listed aliens have come to, entered, and remained in the United States in violation of law, did knowingly transport, move, attempt to transport, and attempt to move such aliens in furtherance of such violation of law within the United States, including from a location in St. Robert, Missouri, to another location in Claremore, Oklahoma, by means of motor vehicle for the purpose of commercial advantage and private financial gain, contrary to the provisions of, all in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(ii) and 1324(a)(1)(B)(i).

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 22 | Torres-Suret | Edwin David | PLAYA AZUL, GREAT BEND, KS |
| 23 | Sanchez-Garcia | Juan Antonio | PLAYA AZUL, GREAT BEND, KS |
| 24 | Perez-Ramirez | Raul | MARIA'S MEXICAN GRILL, GREAT BEND, KS |

**COUNTS 25 through 52**
(Hiring Illegal Aliens)

**COUNT 25**
(Hiring Illegal Aliens)

Beginning on or about November 21, 2019, and continuing until a date unknown, in the Western District of Missouri and elsewhere, the defendant, JOSE LUIS BRAVO, aided and abetted by others, did knowingly and intentionally engage in a pattern and practice of hiring for employment in the United States the below-named alien, knowing the alien was not authorized to work in the United States, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(1)(A) and (f)(1), and Title 18, United States Code, Section 2.

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 25 | Morales-Gutierrez | Jhon Rey | CANTINA BRAVO, JOPLIN, MO |

**COUNT 26**
(Hiring Illegal Aliens)

Beginning on an unknown date but no later than on or about September 24, 2019, and continuing until an unknown date, in the Western District of Missouri and elsewhere, the defendant, OSCAR ADRIAN MOLINA-ANGULO, did knowingly and intentionally engage in a pattern and practice of hiring for employment in the United States the below-named alien, knowing the alien was not authorized to work in the United States, contrary to the provisions of Title 8, United States Code, Section 1324a(a)(1)(A) and (f)(1).

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 26 | Bermudez-Herrera | Miguel | EL CHARRO, BUTLER, MO |

**COUNTS 27 and 28**
(Hiring Illegal Aliens)

Beginning on or about October 25, 2019, and continuing until a date unknown, in the Western District of Missouri and elsewhere, the defendant, LORENZO CASTRO-MANZANAREZ, did knowingly and intentionally engage in a pattern and practice of hiring for employment in the United States the below-named alien, knowing the alien was not authorized to work in the United States, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(1)(A) and (f)(1).

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 27 | Torres-Suret | Edwin David | Cantina Bravo, Saint Robert, MO |
| 28 | Bernabe Juan | Catarina | El Poblano, Springfield, MO |

32

**COUNTS 29 through 36**
(Hiring Illegal Aliens)

Beginning on or about August 21, 2019 and continuing until on or about June 30, 2020, in the Western District of Missouri and elsewhere, the defendants, JOSE GUADALUPE RAZO, did knowingly and intentionally engage in a pattern and practice of hiring for employment in the United States the below-named aliens, knowing the aliens were not authorized to work in the United States, contrary to the provisions of Title 8, United States Code, Section 1324a(a)(2) and (f)(1).

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 29 | Valdes-Labastida | Manuel Santiago | SPECIALTY FOODS DISTRIBUTION JOPLIN, MO |
| 30 | Yanez-Espinosa | Kemish Alonso | SPECIALTY FOODS DISTRIBUTION JOPLIN, MO |
| 31 | Trejo | Roberto | SPECIALTY FOODS DISTRIBUTION JOPLIN, MO |
| 32 | Maldonado | Rosalba | SPECIALTY FOODS DISTRIBUTION JOPLIN, MO |
| 33 | Martinez | Angel | SPECIALTY FOODS DISTRIBUTION JOPLIN, MO |
| 34 | Quezada | Sarah | SPECIALTY FOODS DISTRIBUTION JOPLIN, MO |
| 35 | Garcia | Karen | SPECIALTY FOODS DISTRIBUTION JOPLIN, MO |
| 36 | Jimenez-Juarez | Genaro | SPECIALTY FOODS DISTRIBUTION JOPLIN, MO |

33

## COUNTS 37 and 38
(Hiring Illegal Aliens)

Beginning on or about August 21, 2019, and continuing until on or about June 30, 2020, in the Western District of Missouri and elsewhere, the defendant, JOSE LUIS BRAVO, did knowingly and intentionally engage in a pattern and practice of hiring for employment in the United States the below-named aliens, knowing the aliens were not authorized to work in the United States, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(2) and (f)(1).

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 37 | Trejo | Roberto | SPECIALTY FOODS DISTRIBUTION, JOPLIN, MO |
| 38 | Jimenez-Juarez | Genaro | SPECIALTY FOODS DISTRIBUTION, JOPLIN, MO |

## COUNTS 39 through 47
(Hiring Illegal Aliens)

Beginning on or about October 25, 2019, and continuing until on or about September 4, 2020, in the Western District of Missouri and elsewhere, the defendants, JOSE LUIS LOPEZ, did knowingly and intentionally engage in a pattern and practice of hiring for employment in the United States the below-named aliens, knowing the aliens were not authorized to work in the United States, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(2) and (f)(1).

34

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | ENTERPRISE WORK LOCATION |
|---|---|---|---|
| 39 | Diaz | Alejandro | El Charro, West Plains (Mitchell), MO<br>Chapala, Willow Springs, MO |
| 40 | Oropeza | Sergio Silva | El Charro, West Plains (Mitchell), MO<br>Chapala, Willow Springs, MO |
| 41 | Ayala-Pedroza | Jesus | Chapala, West Plains, MO<br>El Charro, West Plains (Porter Wagoner), MO |
| 42 | Chavez-Silva | Carlos | Chapala, West Plains, MO<br>El Charro, West Plains (Porter Wagoner), MO |
| 43 | Ponce-Bernal | Genaro | Chapala, West Plains, MO<br>El Charro, West Plains (Porter Wagoner), MO |
| 44 | Vazquez | Pablo | Chapala, West Plains, MO<br>El Charro, West Plains (Porter Wagoner), MO |
| 45 | Delgado-Lopez | Eduardo | El Charro, West Plains (Mitchell), MO |
| 46 | Ayala | Ernesto | El Charro, West Plains (Mitchell), MO |
| 47 | Martinez-Giro | Ismael | El Charro, West Plains (Mitchell), MO<br>El Charro, West Plains (Porter Wagoner), MO |

**COUNT 48 through 50**
(Continuing Employment of Unauthorized Alien)

Beginning at a time unknown, but no later than on or about the dates listed below and continuing through on or about the dates specified below, in the Western District of Missouri, the defendant, EUSEBIO RAMIREZ-CEJA, after knowingly hiring each unauthorized alien identified below for employment in the United States, did knowingly continue to employ the alien, knowing the alien was an unauthorized alien, as defined in 8 U.S.C. § 1324a(h)(3), with respect to

35

such employment, and as part of a pattern and practice, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(2) and 1324a(f)(1):

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | DATES OF EMPLOYMENT |
|---|---|---|---|
| 48 | Rivas-Gomez | Bernardo | 5/13/2019 – 8/11/2019 |
| 49 | Rivas-Carrillo | Daniel | 5/13/2019 – 8/11/2019 |
| 50 | Rivas-Carrillo | Randi | 5/13/2019 – 8/11/2019 |

**COUNT 51**
(Continuing Employment of Unauthorized Alien)

Beginning at a time unknown, but no later than on or about February 25, 2019, and continuing until on or about August 13, 2019, in the Western District of Missouri, the defendant, EUSEBIO RAMIREZ-CEJA, after knowingly hiring an unauthorized alien, Vianney Mondragon, for employment in the United States, did knowingly continue to employ the alien, knowing the alien was an unauthorized alien, as defined in 8 U.S.C. § 1324a(h)(3), with respect to such employment, and as part of a pattern and practice, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(2) and 1324a(f)(1).

**COUNT 52**
(Continuing Employment of Unauthorized Alien)

Beginning at a time unknown, but no later than on or about August 13, 2019, and continuing until on or about December 1, 2019, in the Western District of Missouri, the defendant, JOSE LUIS BRAVO, after knowingly hiring an unauthorized alien, OSCAR ADRIAN MOLINA ANGULO, for employment in the United States, did knowingly continue to employ the alien, knowing the alien was an unauthorized alien, as defined in 8 U.S.C. § 1324a(h)(3), with respect to such employment, and as part of a pattern and practice, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(2) and 1324a(f)(1).

36

## COUNT 53
(Continuing Employment of Unauthorized Alien)

Beginning at a time unknown, but no later than on or about October 25, 2019, and continuing until on or about December 20, 2019, in the Western District of Missouri, the defendants, JOSE LUIS BRAVO, ANTHONY EDWARD DOLL, JOSE LUIS LOPEZ VALADEZ, after knowingly hiring an unauthorized alien, LORENZO CASTRO-MANZANAREZ, for employment in the United States, did knowingly continue to employ the alien, knowing the alien was an unauthorized alien, as defined in 8 U.S.C. § 1324a(h)(3), with respect to such employment, and as part of a pattern and practice, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(2) and 1324a(f)(1).

## COUNTS 54 and 55
(Continuing Employment of Unauthorized Alien)

Beginning at a time unknown, but no later than on or about the dates listed below and continuing through on or about the dates specified below, in the Western District of Missouri, the defendant, JAIME RAMIREZ-CEJA, after knowingly hiring each unauthorized alien identified below for employment in the United States, did knowingly continue to employ the alien, knowing the alien was an unauthorized alien, as defined in 8 U.S.C. § 1324a(h)(3), with respect to such employment, and as part of a pattern and practice, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(2) and 1324a(f)(1):

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | DATES OF EMPLOYMENT |
|---|---|---|---|
| 54 | Perez-Matias | Angel | 9/19/2019 – 12/31/2019 |
| 55 | Perez-Matias | Candido | 9/19/2019 – 12/31/2019 |

## COUNT 56 and 57
(Continuing Employment of Unauthorized Alien)

Beginning at a time unknown, but no later than on or about the dates listed below and continuing through on or about the dates specified below, in the Western District of Missouri, the defendants, JOSE LUIS BRAVO and OSCAR MOLINA-ANGULO, after knowingly hiring each unauthorized alien identified below for employment in the United States, did knowingly continue to employ the alien, knowing the alien was an unauthorized alien, as defined in 8 U.S.C. § 1324a(h)(3), with respect to such employment, and as part of a pattern and practice, contrary to the provisions of Title 8, United States Code, Sections 1324a(a)(2) and 1324a(f)(1):

| COUNT | ALIEN LAST NAME | ALIEN FIRST NAME | DATES OF EMPLOYMENT |
| --- | --- | --- | --- |
| 56 | Parras | Ignacio | 8/13/2019 – 9/18/2020 |
| 57 | Vargas | Javier | 8/13/2019 – 6/30/2020 |

## COUNT 58
(Conspiracy to Commit Money Laundering)

From at least in or about January 2018, the exact date being unknown to the Grand Jury, and continuing thereafter through on or about August 10, 2021, in the Western District of Missouri, and elsewhere, the defendants, JOSE LUIS BRAVO, ANTHONY EDWARD DOLL, JOSE GUADALUPE RAZO, MIGUEL ANGEL TARIN-MARTINEZ, JOSE LUIS LOPEZ-VALADEZ, did knowingly combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit an offense under Title 18, United States Code, Section 1957, namely, to knowingly engage and attempt to engage and cause to engage and attempt to engage, in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, including, but not limited to, wire transfers, deposits, and withdrawals, such

38

property having been derived from a specified unlawful activity, that is, a violation of Title 8, United States Code, Section 1324(a)(bringing in, transporting, or harboring illegal aliens, or conspiracy to commit such offense), contrary to Title 18, United States Code, Sections 1957.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 59 through 64
(Money Laundering)

On or about the dates specified as to each count below, in the Western District of Missouri, and elsewhere, the defendants, as identified in each count below, did knowingly engage and attempt to engage in a monetary transaction by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity, that is, a violation of Title 8, United States Code, Section 1324(a) (bringing in, transporting, or harboring illegal aliens, or conspiracy to commit such offense), as more specifically described below:

| COUNT | APPROXIMATE DATE | DEFENDANT(S) | MONETARY TRANSACTION |
|---|---|---|---|
| 59 | August 5, 2019 | JOSE LUIS BRAVO and ANTHONY EDWARD DOLL | Wire transfer of $20,000 from SFD's Arvest Bank account ending in 6247 to JOSE LUIS BRAVO's Grand Bank account ending in 6892 |
| 60 | November 14, 2019 | JOSE LUIS BRAVO and ANTHONY EDWARD DOLL | Wire transfer of $15,000 from SFD's Arvest Bank account ending in 6247 to JOSE LUIS BRAVO's Grand Bank account ending in 6892 |
| 61 | January 4, 2018 | JOSE LUIS BRAVO | Check no. 2712 for $60,000 payable to JOSE LUIS BRAVO from La Paloma's Central Bank of the Ozarks account ending in 3819 |

39

| 62 | September 10, 2019 | JOSE LUIS LOPEZ-VALADEZ | Check no. 1300 for $40,000 payable to JOSE LUIS LOPEZ VALADEZ from Bravo Restaurant Investment LLV, Doing Business As (DBA) Cantina Bravo's Security Bank of Pulaski County account ending in 8380 |
| --- | --- | --- | --- |
| 63 | June 19, 2018 | JOSE GUADALUPE RAZO | Check no. 35568 for $25,000 payable to JOSE GUADALUPE RAZO from SFD's Arvest Bank account ending in 4747 |
| 64 | December 26, 2019 | ANTHONY EDWARD DOLL and MIGUEL ANGEL TARIN-MARTINEZ | Web transfer of $100,000 from SFD's Arvest Bank account ending in 6247 to Los Tres Topos LLC, DBA Blue Foxx LLC's Arvest Bank account ending in 3212 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## GRAND JURY'S FORFEITURE FINDINGS

THE GRAND JURY FURTHER FINDS probable cause to believe that:

## ALLEGATION OF CRIMINAL FORFEITURE I: RICO

1. Through the pattern of racketeering activity contained in Count One and incorporated by reference herein, defendants, JOSE LUIS BRAVO, JOSE GUADALUPE RAZO, ANTHONY EDWARD DOLL, MIGUEL TARIN-MARTINEZ, ANTONIO MARTINEZ-MUNOZ, EUSEBIO RAMIREZ-CEJA, OSCAR ADRIAN MOLINA-ANGULO, RODRIGO MANRIQUE RAZO, ALEJANDRO CASTILLO-RAMIREZ, JUAN CARLOS PALMA-CEDENO, RAMON MORENO-HERNANDEZ, JOSE LUIS LOPEZ-VALADEZ, LORENZO CASTRO-MANZANAREZ, JAIME RAMIREZ-CEJA, JOSE LUIS RODRIGUEZ-VALERIO, VERONICA RAZO de LARA, and EDGAR PEREZ-PEREZ:

40

a.      have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.      have interests in, securities of, claims against, and property and contractual rights affording a source of influence over, the enterprise, named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

c.      have property constituting, and derived from, proceeds obtained, directly or indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

2.      The interests of defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), include, but are not limited to:

a.      all interests, including ownership and control, of JOSE LUIS BRAVO, ANTHONY EDWARD DOLL and LORENZO CASTRO MANZANAREZ in SPECIALTY FOODS DISTRIBUTION, INC., INTEL SOLUTIONS, INC., MEZCALA LLC, SAN JUAN DE LOS LAGOS LC, N & J REAL PROPERTIES LLC, BRAVO LLC, JLB REAL ESTATE LLC, CASTRO LLC, and BRAVO RESTAURANT INVESTMENTS LLC.

41

Bank Accounts

|    | Defendant | Bank Account | Name of Account |
|----|-----------|--------------|-----------------|
| 1 | JOSE LUIS BRAVO | Arvest Bank x4747 | Specialty Foods Distribution Inc. |
| 2 | JOSE LUIS BRAVO | Arvest Bank x8995 | Specialty Foods Distribution Inc. |
| 3 | JOSE LUIS BRAVO and ANTHONY EDWARD DOLL | Arvest Bank x4337 | Intel Solutions LLC |
| 4 | JOSE LUIS BRAVO | West Plains Bank and Trust Company x7039 | Mezcala LLC, DBA El Charro |
| 5 | LORENZO CASTRO MANZANAREZ | Central Bank of the Ozarks account ending x6019 | Castro LLC |
| 6 | JOSE LUIS BRAVO | Central Bank of the Ozarks x0954 | San Juan De Los Lagos LC, La Paloma |
| 7 | JOSE LUIS BRAVO, JOSE GUADALUPE RAZO, ANTHONY EDWARD DOLL, and JOSE LUIS LOPEZ-VALADEZ | Security Bank of Pulaski County x8380 | Bravo Restaurant Investments LLC, DBA Cantina Bravo |
| 8 | JOSE LUIS BRAVO | Arvest Bank x8750 | N & J Real Properties LLC |
| 9 | ANTHONY EDWARD DOLL | Arvest Bank x1155 | Anthony E. Doll and Spouse |
| 10 | JOSE LUIS LOPEZ VALADEZ | Arvest Bank x9986 | Jose Luis Lopez Valadez joint account |

      i.      Real Property

JOSE LUIS BRAVO's interest, however held, in the following real properties:

      a.      4909 10th Street, Great Bend, Kansas, with all its buildings, appurtenances, and improvements and more fully described as:

That part of the Village Mall Addition to the City of Great Bend, Barton County, Kansas, according to the recorded plat thereof, described as follows:

Commencing at the Northwest corner of said Village Mall Addition; thence on an assumed bearing of North 90 degrees 00 minutes 00 seconds East, along the North line of said Addition, a distance of 50.00 feet; to the point

of beginning of the land to be described said point being the intersection of the East right of way line of Eisenhower Avenue and the South right of way line of Tenth Street; thence continuing on a bearing of North 90 degrees 00 minutes 00 seconds East, along the North line of said addition a distance of 217.80 feet; thence on a bearing of South 00 degrees 30 minutes 00 seconds West a distance of 200.00 feet; thence on a bearing of South 90 degrees 00 minutes 00 seconds West a distance of 217.80 to the East line of Eisenhower Avenue; thence on a bearing of North 00 degrees 30 minutes 00 seconds East, along the East line of said Eisenhower, a distance of 200.00 feet to the point of beginning.

The record owner of the property located at 4909 10th Street, Great Bend, Kansas is Bravo LLC;

b.      710 W 7th Avenue, Augusta, Kansas, with all its buildings, appurtenances, and improvements and more fully described as:

Beginning at a point that is 491.02 feet East of the Southwest Corner of the Southwest Quarter of Section Twenty-two (22), Township Twenty-seven (27) South, Range Four (4) East of the 6th P.M.; thence North 400 feet, thence East 142.15 feet, thence South 400 feet, thence West 142.15 feet to the point of beginning, in Butler County, Kansas.

The record owner of the real property located at 710 W 7th Avenue, Augusta, Kansas is Bravo LLC;

c.      2536 NW County Road #591, Butler, Missouri, with all its buildings, appurtenances, and improvements and more fully described as:

A part of the Southeast Quarter of the Northwest Quarter of Section 21, Township 40 North, Range 31 West, described as follows: Beginning at the Southeast corner of the Southeast Quarter of the Northwest Quarter of said Section 21, thence North 88 degrees, 58 minutes West, along the South line of said Southeast Quarter of the Northwest Quarter of Section 21 aforesaid, 814.7 feet to the true point of beginning of the tract to the described; thence North 1 degree 26 minutes East, parallel with the East line of said Southeast Quarter of the Northwest Quarter of said Section 21, 972.8 feet to an iron bar found at the Southwest corner of property described in deed recorded in Book 508, Page 35, thence East 413.6 feet to the Northwest corner of property described in a deed recorded in Book 490, Page 182, thence South along the West side of the property described in deed Book 490, Page 182, and continuing on South along the West line of property described in deed recorded in Book 532, Page 273, and continuing on South to the South line of the Southeast Quarter of the Northwest Quarter of Section 21 aforesaid, thence West 413.6 feet, more or less to the true point of beginning; except

43

any part thereof, lying South of a road, as established by deed in Book 471, Page 216 and in deed in Book 467, Page 172, said road granted to Bates County, Missouri, by said deed.

ALSO DESCRIBED AS That part of the Southeast Quarter of the Northwest Quarter of Section 21, Township 40 North, Range 31 West of the 5th Principal Meridian in Bates County, Missouri, describe as follows: Commencing at the Southeast corner of said Quarter Quarter Section; thence on a deed bearing of North 88 degrees 58 minutes 00 seconds West along the South line of said Quarter Quarter Section a distance of 814.70 feet; thence North 01 degree 26 minutes 00 seconds East parallel with the East line of said Quarter Quarter Section a distance of 161.80 feet to a point in the Northerly right-of-way line of the Outer Road for the point of beginning of the land to be described; thence continuing on North 01 degree 26 minutes 00 seconds East a distance of 811.00 feet; thence South 88 degrees 58 minutes 00 seconds East a distance of 413.60 feet; thence South 01 degree 26 minutes 00 seconds West distance of 789.58 feet to a point in the Northerly right-of-way line of said Outer Road; thence South 88 degrees 05 minutes 10 seconds West along said Northerly right-of-way line of said Outer Road; thence South 88 degrees 05 minutes 10 seconds West along said northerly right-of-way line a distance of 414.29 feet to the point of beginning. Subject to all easements of record.

The record owner of the real property located at 2536 NW County Road #591, Butler, Missouri is Bravo LLC;

d.      3102 N. Broadway, Pittsburg, Kansas, with all its buildings, appurtenances, and improvements and more fully described as;

Part of Lot Number One (1) in Baptist Temple Addition to the City of Pittsburg, Crawford County, Kansas, according to the recorded Plat thereof bounded and described as follows:

Beginning at the Northwest Corner of said Lot One (1); thence East Three Hundred Twenty-two and Seven-tenths (322.7) feet; thence South One Hundred Thirty-three (133) feet; thence West Three Hundred Twenty-two and Seven-tenths (322.7) feet; thence North One Hundred Thirty-three (133) feet to the point of beginning.

Reservation from and Exceptions to Conveyance:

Easements, rights-of-way and prescriptive rights, whether of record or not; all recorded restrictions, covenants, mineral or other interests affecting the Property.

44

The record owner of the real property located at 3102 N. Broadway, Pittsburg, Kansas is N&J Real Properties LLC;

e.    5781 N. Main Street, Joplin, Missouri, with all its buildings, appurtenances, and improvements and more fully described as:

All of Lot Numbered Thirty-six (36) in Staple's Midway Sub-Division in the Village of Airport Drive, Jasper County, Missouri, according to the recorded plat thereof.

Subject to easements, restrictions, reservations and rights of way of record.

The record owner of the real property located at 5781 N. Main Street, Joplin, Missouri, is N&J Real Properties LLC;

f.    1710 Porter Wagoner, West Plains, Missouri, with all its buildings, appurtenances, and improvements and more fully described as;

A part of the Northeast Quarter (NE 1/4) of the Southwest Quarter (SW 1/4) of Section 17, Township 24 North, Range 8 West, described as follows: Commencing at the Northwest corner of the Southeast Quarter (SE 1/4) of the Northwest Quarter (NW 1/4) of Section 17, Township 24 North, Range 8 West, running thence East 80 feet to the East right-of-way line of Business Route 63, thence South 0 degree 08' East along said right-of-way 1,625 feet for place of beginning of this survey, thence North 89 degrees 52' East, 228.31 feet, thence South 6 degrees 43' East 135.9 feet, thence South 89 degrees 52' West, 243.41 feet to the East right-of-way line of Business Route 63, thence North 0 degrees 08' West along said right-of-way 135 feet to the place of beginning, all in Howell County, Missouri.

Subject to easements and restrictions of record if any.

The record owner of the real property located at 1710 Porter Wagoner, West Plains, Missouri is N&J Real Properties LLC;

g.    1331 W. Will Rodgers, Claremore, Oklahoma, with all its buildings, appurtenances, and improvements and more fully described as:

Lots Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), Nineteen (19), Twenty (20), Twenty-one (21), Twenty-two (22), Twenty-three (23), Block Twenty-two (22), BAYLESS ADDITION to the City of Claremore, Rogers County, State of Oklahoma, according to the Recorded Plat thereof

45

LESS AND EXCEPT a tract of land that is part of Lot Sixteen (16), Block Twenty-two (22), BAYLESS ADDITION to the City of Claremore, Rogers County, State of Oklahoma, according to the Recorded Plat thereof; said tract being described as follows: Beginning at a point, said point being the Northwest corner of said Lot Sixteen (16), thence South 64 degrees 27' 37" East along the Northerly line of lot Sixteen (16) for 18.00 feet; thence South 57 degrees 04' 45" West for 18.83 feet to a point on the Westerly line of lot Sixteen (16); thence North 01 degrees 22' 37" West along staid Westerly line for 18.00 feet to the POINT OF BEGINNING of said tract of land.

The record owner of the real property located at 1331 W. Will Rogers, Claremore, Oklahoma is N&J Real Properties LLC;

h.      6911 S. Muskogee Avenue, Tahlequah, Oklahoma, with all its buildings, appurtenances, and improvements and more fully described as:

A tract of land lying in the SE4 of SW4 of Section 16, Township 16 North, Range 22 East, Cherokee County, Oklahoma, particularly described as follows, to-wit: beginning at the Southwest corner of said SE4 of SW4; thence N 0 degree 09' W, along the West boundary of said SE4 of SW4, 260.9 feet to a point on the South boundary of Oklahoma State Highway No 82; thence in a Northeasterly direction, along the South boundary of Oklahoma State Highway No. 82, on a curve to the right, having a radius of 651.2 feet, a distance of 187.9 feet; thence S 0 degree 09' E, 284.3 feet to a point on the South boundary of said SE4 of SW4; thence N 89 degrees 54' W, 186.1 feet to the point of beginning.

Together with all the improvements thereon and the appurtenances thereunto belonging;

Subject to Easements, Restrictive Covenants and Mineral Reservations of record, if any.

The record owner of the real property located at 6911 S. Muskogee Avenue, Tahlequah, Oklahoma is N&J Real Properties LLC;

i.      1525 N. Wood Drive, Okmulgee, Oklahoma, with all its buildings, appurtenances, and improvements and more fully described as:

Lots 11 and 12, Less the West 70 feet thereof, and all of Lots 8, 9, 10, 13, 16 and 17, Block 3, WASHINGTON ADDITION, City of Okmulgee, Okmulgee County, State of Oklahoma, according to the recorded Plat thereof.

46

The record owner of the real property at 1525 N. Wood Drive, Okmulgee, Oklahoma is Bravo LLC;

     j.     101 W. Shawnee Street, Muskogee, Oklahoma, with all its buildings, appurtenances, and improvements and more fully described as;

The following described real property and premises, situate in Muskogee County, State of Oklahoma, to-wit:
Lots 9 to 14, both inclusive in Block 1 in Hippel's First Addition to the City of Muskogee, Muskogee County, State of Oklahoma.
AND
The South 85 feet of the West 15.8 feet of Lot 2 and the South 85 feet of Lots 3 to 8, both inclusive in Block 1 in Hippel's First Addition to the City of Muskogee, Muskogee County, State of Oklahoma

The record owner of the real property located at 101 W. Shawnee Street, Muskogee, Oklahoma is N&J Real Properties LLC;

     k.     2731 W. Owen K. Garriot Road, Enid, Oklahoma, with all its buildings, appurtenances, and improvements and more fully described as:

<u>Parcel 1</u>

A tract of land lying in the Northeast Quarter of Section 14, Township 22 North, Range 7 West of the Indian Meridian, Garfield County, Oklahoma, being described by metes and bounds as follows:

Beginning at a point on the north line of said Northeast Quarter 764.00 feet South 89 degrees 30'01" East of the Northwest Corner of said Northeast Quarter;

THENCE continuing South 89 degrees 3'01" East along the said north line of the Northeast Quarter a distance of 124.00 feet; THENCE South 00 degrees 15'27" West parallel with the west line of said Northeast Quarter a distance of 267.00 feet;

THENCE North 89 degrees 30'01" West parallel with the north line of said Northeast Quarter a distance of 124.00 feet;

THENCE North 00 degrees 15'27" East parallel with the west line of said Northeast Quarter a distance of 267.00 feet to the point of beginning.

47

<u>Parcel 2</u>

The non-exclusive, perpetual easements appurtenant to Parcel 1 for vehicular and pedestrian ingress, egress and access over, to, from and across the tract of land described on Exhibit A-1 attached hereto, and the exclusive, perpetual easement appurtenant to Parcel 1 for parking on the tract of land described on Exhibit A-2 attached hereto, established by the Easements and Restrictive Covenants Agreement recorded in Book 1299, page 713 of the records of Garfield County, State of Oklahoma.

EXHIBIT A-1:  ACCESS EASEMENT

A tract of land lying in the Northeast Quarter of Section 14, Township 22 North, Range 7 West of the Indian Meridian, Garfield County, Oklahoma, being described as follows:

Commencing at the Northwest Corner of said Northeast Quarter;

THENCE South 89 degrees 30'01" East along the north line of said Northeast Quarter a distance of 888.00 feet;

THENCE South 00 degrees 15'27" West parallel with the west line of said Northeast Quarter a distance of 47.00 feet to a point on the southerly right-of-way line for Owen K. Garriot Road (U.S. Highway 60) and the point of beginning;

THENCE continuing South 00 degrees 15'27" West parallel with the west line of said Northeast Quarter a distance of 280.00 feet;

THENCE South 89 degrees 30'01" East parallel with the north line of said Northeast Quarter a distance of 35.00 feet;

THENCE North 00 degrees 15'27" East parallel with the west line of said Northeast Quarter a distance of 280.00 feet to a point on the southerly right-of-way line for Owen K. Garriot Road (U.S. Highway 60);

THENCE North 89 degrees 30'01" West along said southerly right-of-way line and parallel with the north line of said Northeast Quarter a distance of 35.00 feet to the point of beginning.

EXHIBIT A-2:  PARKING EASEMENT

A tract of land lying in the Northeast Quarter of Section 14, Township 22 North, Range 7 West of the Indian Meridian, Garfield County, Oklahoma, being described as follows:

Commencing at the Northwest corner of said Northeast Quarter;

THENCE South 89 degrees 30'01" East along the north line of said Northeast Quarter a distance of 888.00 feet;

THENCE South 00 degrees 15'27" West parallel with the west line of said Northeast Quarter a distance of 267.00 feet to the point of beginning;

THENCE continuing South 00 degrees 15'27" West parallel with the west line of said Northeast Quarter a distance of 60.00 feet;

THENCE North 89 degrees 30'01" West parallel with the north line of said Northeast Quarter a distance of 124.00 feet;

THENCE North 00 degree 15'27" East parallel with the west line of said Northeast Quarter a distance of 60.00 feet;

THENCE South 89 degrees 30'01" East parallel with the north line of said Northeast Quarter a distance of 124.00 feet to the point of beginning.

The record owner of the real property located at 2731 W. Owen K. Garriot Road, Enid, Oklahoma is Bravo LLC; and

l.       870 Country Club, Claremore, Oklahoma, with all its buildings, appurtenances, and improvements and more fully described as;

A tract of land in the SW/4 of SE/4 of SE/4 and SE/4 of SW/4 of SE/4 of Section 17, Township 21 North, Range 16 East of the I.B. & M., Rogers County, State of Oklahoma, according to the U.S. Government Survey thereof, more particularly described as follows, to-wit: Beginning at a point on the South line of Section 17, a distance of 1038 feet West of the Southeast corner thereof; Thence North 420 feet; Thence West 394 feet; Thence South 420 feet; Thence East 394 feet to the point of beginning.

The record owner of the real property located at 870 Country Club Road, Claremore, Oklahoma, is JLB Real Estate LLC.

JOSE LUIS LOPEZ VALADEZ's interest in:

m.      2170 Roberta Drive, West Plains, Missouri, with all its buildings, appurtenances, and improvements and more fully described as:

Lot 8 in Block 1 in Woodridge Subdivision of the S1/2 of Lot 1 of the NW1/4 of Section 19, Township 24 North, Range 8 West, as shown

49

by Plat Recorded in Plat Record G at Pages 283 and 284 of the Records of Howell County, Missouri.

The record owner of the defendant real property located at 2170 Roberta Drive, West Plains, Missouri, is Jose and Tiffany E. Lopez, husband and wife.

### ALLEGATION OF CRIMINAL FORFEITURE II: CONTINUING EMPLOYMENT OF UNAUTHORIZED ALIENS

3.      The allegations contained in Counts 48 through 57 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(6)(A). The defendants are hereby notified that, upon conviction of the violations alleged in Counts 48 through 57, the defendants shall forfeit any property, real or personal, that constitutes or is derived from or is traceable to proceeds each defendant personally obtained directly or indirectly from the commission of such offense, and any property used to facilitate or intended to be used to facilitate such offense, including, but not limited to: JOSE LUIS BRAVO, JOSE GUADALUPE RAZO, ANTHONY EDWARD DOLL, and JOSE LUIS LOPEZ VALADEZ shall forfeit any interest they have in funds in Security Bank of Pulaski County, account ending x8380, held in the name of Bravo Restaurant Investments LLC, DBA Cantina Bravo traceable to Count 53.

### ALLEGATION OF CRIMINAL FORFEITURE III: MONEY LAUNDERING

4.      The allegations contained in Counts 58 through 64 of this Indictment are re-alleged and incorporated by reference for the purpose of the Grand Jury's finding of probable cause that, pursuant to United States Code, Section 982(a)(1), the defendants JOSE LUIS BRAVO, JOSE GUADALUPE RAZO, ANTHONY EDWARD DOLL, MIGUEL ANGEL TARIN-MARTINEZ, and JOSE LUIS LOPEZ-VALADEZ, upon conviction of the violations alleged in Counts 58 through 64, shall forfeit to the United States any property, real or personal, involved in

50

such offenses, or traceable to such property, including, but not limited to, upon conviction of Counts 58 through 60, JOSE LUIS BRAVO shall forfeit his interest in funds in Grand Bank account ending in 6892 involved in such offense; and upon conviction of Counts 58 or 64, JOSE LUIS BRAVO, shall forfeit their respective interests in funds in Los Tres Topos LLC, DBA Blue Foxx LLC's Arvest Bank account ending in 3212 involved in such offense.

**United States' Supplemental Forfeiture Notice**

1. Upon conviction of the RICO offense, in violation of Title 18, United States Code, Section 1962(d), and set forth in Count One of this Indictment, defendants JOSE LUIS BRAVO, JOSE GUADALUPE RAZO, ANTHONY EDWARD DOLL, MIGUEL TARIN-MARTINEZ, ANTONIO MARTINEZ-MUNOZ, EUSEBIO RAMIREZ-CEJA, OSCAR ADRIAN MOLINA-ANGULO, RODRIGO MANRIQUE RAZO, ALEJANDRO CASTILLO-RAMIREZ, JUAN CARLOS PALMA-CEDENO, RAMON MORENO-HERNANDEZ, JOSE LUIS LOPEZ- VALADEZ, LORENZO CASTRO-MANZANAREZ, JAIME RAMIREZ-CEJA, JOSE LUIS RODRIGUEZ-VALERIO, VERONICA RAZO de LARA, and EDGAR PEREZ-PEREZ, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963(a)(1)-(3), any interest they have acquired and maintained in violation of Title 18, United States Code, Section 1962; any interests in, securities of, claims against, and property and contractual rights affording a source of influence over the enterprise, named and described in this Indictment which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962 and any property constituting, and derived from, proceeds obtained, directly or indirectly, from the

51

aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, including but not limited to:

  a. The property items listed in paragraph 2 of the Grand Jury's forfeiture findings, and

  b. A money judgment against each defendant identified in this forfeiture allegation, in that the sum in aggregate, constitutes or is derived from proceeds traceable to the offenses each defendant obtained, directly and indirectly, as a result of the racketeering activity set forth in Count One. The money judgment will be offset by the value of bank accounts and real properties identified in paragraph 2 of the Grand Jury's forfeiture findings upon forfeiture of those assets.

  2. Upon conviction of the unlawful continuing employment of unauthorized alien offenses, committed in violation of Title 8, United States Code, Section 1324a, and set forth in Counts 48 through 57, defendants JOSE LUIS BRAVO, ANTHONY EDWARD DOLL, EUSEBIO RAMIERZ-CEJA, OSCAR ADRIAN MOLINA-ANGULO, JOSE LUIS LOPEZ-VALADEZ, and JAIME RAMIREZ-CEJA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A), any property, real or personal, that constitutes or is derived from or is traceable to proceeds each defendant personally obtained directly or indirectly from the commission of such offense, and any property used to facilitate or intended to be used to facilitate such offense, including, but not limited to:

  a. The property items listed in paragraph 3 of the Grand Jury's forfeiture findings, and

b.	A money judgment against each defendant identified in this forfeiture allegation, in that the sum in aggregate, constitutes or is derived from proceeds traceable to the offenses each defendant obtained, directly and indirectly, as a result of the offenses set forth in Counts 48 through 57. The money judgment will be offset by the amounts restrained and forfeited from the above-identified bank account.

3.	Upon conviction of the money laundering offenses, committed in violation of Title 18, United States Code, Sections 1956(h) and 1957, and set forth in Counts 58 through 64, the defendants JOSE LUIS BRAVO, ANTHONY EDWARD DOLL, JOSE GUADALUPE RAZO, MIGUEL TARIN-MARTINEZ, and JOSE LUIS LOPEZ-VALADEZ, shall forfeit to the United States any property, real or personal, involved in such offense, or traceable to such property, pursuant to Title 18, United State Code, Section 982(a)(1), including but not limited to:

a.	The property items listed in paragraph 4 of the Grand Jury's forfeiture findings, and

b.	A money judgment against each defendant identified in this forfeiture allegation representing the amount involved in the offenses of conviction. The money judgment will be offset by the amounts restrained and forfeited from the above-identified bank accounts.

Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to Title 18,

53

United States Code, Sections 853(p) and 1963(m), to seek forfeiture of any other property of the

defendant up to the value of forfeitable property.

A TRUE BILL.


/s/ Cynthia Kivett
FOREPERSON OF THE GRAND JURY


/s/ Rudolph R. Rhodes IV
Rudolph R. Rhodes IV
Assistant United States Attorney


Dated: 8/10/2021
Kansas City, Missouri

54